# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL E. BERMUDEZ, | NO. CV 09-08370 AGR |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

    Miguel E. Bermudez filed this action on November 19, 2009. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before Magistrate Judge Rosenberg on November 24 and December 28, 2009. (Dkt. Nos. 8, 9.) On July 23, 2010, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

    Having reviewed the entire file, the Court remands this matter to the Commissioner for proceedings consistent with this Opinion.

///
///
///
///

# I.

## PROCEDURAL BACKGROUND

On August 6, 2007, Bermudez filed an application for disability insurance benefits. Administrative Record ("AR") 17. Bermudez alleged a disability onset date of November 22, 2000. *Id.* The application was denied initially and upon reconsideration. AR 17, 78-81, 84-88. Bermudez requested a hearing before an Administrative Law Judge ("ALJ"). AR 89. On January 5 and March 10, 2009, the ALJ conducted a hearing at which Bermudez, a medical expert, and a vocational expert ("VE") testified.[1] AR 32-70, 73-74. On April 14, 2009, the ALJ issued a decision denying benefits. AR 14-28. On August 7, 2009, Bermudez requested that the Appeals Council review the decision denying benefits. AR 13. On September 25, 2009, the Appeals Council denied the request for review. AR 1-7. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering

---

[1] The initial hearing was continued after the ALJ determined a medical expert was warranted. AR 73. At the March 10, 2009 hearing, an interpreter was present to assist Bermudez. *See* AR 32.

2

adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

## III.
## DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.'" *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation omitted).

### B. The ALJ's Findings

The ALJ found that Bermudez met the insured status requirements through December 31, 2005. AR 19.

As of the date last insured, Bermudez had severe impairments of degenerative changes of the right shoulder and obesity. AR 20. Bermudez had the residual functional capacity ("RFC") to "lift and carry 20 pounds occasionally and 10 pounds frequently; and sit, stand, and walk 6 hours in an 8-hour workday." AR 23. He could "push and pull with his upper extremities, occasionally and could engage in occasional postural activity, except that he was precluded from climbing ropes, ladders, and scaffolds." *Id.* He "was also limited to occasional reaching overhead with the right upper extremity." *Id.* He was "precluded from work place hazards such as dangerous machinery and unprotected heights." *Id.*

The ALJ found that Bermudez could not perform his past relevant work. AR 26. However there were jobs that exist in significant numbers in the economy

///

///

that he could perform, such as a marker II, conveyor line bakery worker, and racker.[2] AR 27-28.

### C. Step Five

Bermudez argues that his RFC is incompatible with the VE's finding that he is capable of performing other work as a marker II (Dictionary of Occupational Titles ("DOT") 920.687-126), racker (DOT 524.687-018), and conveyor line bakery worker (DOT 524.687-022). JS 5-6; AR 27. First, he argues that his RFC limiting him to "occasional reaching overhead with the right upper extremity" precludes him from performing the jobs as a marker II and racker, which both require constant reaching. JS 7; AR 23. Second, he argues that his RFC precluding him from "work place hazards such as dangerous machinery" is inconsistent with the job as a conveyor line bakery worker, which requires occasional proximity to moving mechanical parts. JS 8; AR 23.

At Step Five, the Commissioner bears the burden of demonstrating there is other work in significant numbers in the national economy the claimant can do. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006). If the Commissioner satisfies this burden, the claimant is not disabled and not entitled to disability benefits. If the Commissioner cannot meet this burden, the claimant is "disabled" and entitled to disability benefits. *Id.*

"There are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can do: (1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2," (the

---

[2] The ALJ initially concluded that there were no jobs that exist in significant numbers in the national economy that Bermudez could perform. AR 27. However, in his discussion, he referred to the VE's finding that Bermudez could perform work as a marker II, conveyor line bakery worker, and racker. *Id.* Thereafter, the ALJ concluded that Bermudez "remains capable of making a successful adjustment to work existing in substantial numbers in the economy, both local and national." AR 28.

4

"grids"). *Id.* "Where a claimant suffers only exertional limitations, the ALJ must consult the grids. Where a claimant suffers only non-exertional limitations, the grids are inappropriate, and the ALJ must rely on other evidence. Where a claimant suffers from both exertional and non-exertional limitations, the ALJ must consult the grids first." *Id.* at 1115. The grids are inapplicable when "a claimant's non-exertional limitations are sufficiently severe so as to significantly limit the range of work permitted by the claimant's exertional limitations."[3] *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007) (citation and quotation marks omitted). "Nonexertional impairments may or may not significantly narrow the range of work a person can do." Social Security Ruling ("SSR") 83-14.[4] The ALJ may rely on the grids alone "only when the grids accurately and completely describe the claimant's abilities and limitations." *Tackett*, 180 F.3d at 1102 (citations omitted); *see also*, 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 200(e). The testimony of a vocational expert is required where nonexertional limitations significantly limit the range of work a claimant can perform. *Tackett*, 180 F.3d at 1102.

As noted above, the ALJ found that Bermudez was limited to "occasional reaching overhead with the right upper extremity." AR 23. The Commissioner defines "occasionally" as "from very little up to one-third of the time," *i.e.*, "no more than about 2 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251, at *5. The VE testified that Bermudez could perform work as a marker II, racker,
///

---

[3] Nonexertional limitations include "postural and manipulative limitations such as difficulty reaching, handling, stooping, climbing, crawling, or crouching." *Lounsburry*, 468 F.3d at 1115; *see also* 20 C.F.R. § 404.1569a(c)(vi).

[4] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

5

and conveyor line bakery worker. AR 67. In response to the ALJ's question, the VE testified that her testimony did not conflict with the DOT. AR 69.

The DOT describes the marker II and racker occupations as requiring constant reaching (2/3 or more of the time). DOT 920.687-126 (marker II), 524.687-018 (racker). Bermudez argues that Department of Labor describes "reaching" as "extending hand(s) and arm(s) in any direction," and SSR 85-15 uses the same description. JS 6-7; *see also* Exh. 2 at 12-6 to JS (*The Revised Handbook for Analyzing Jobs* (1991)); SSR 85-15, 1985 WL 56857, at *7. The Commissioner argues that the word "reaching" does not require overhead reaching. JS 14. This argument was addressed in *Prochaska v. Barnhart*, 454 F.3d 731 (7th Cir. 2006). In *Prochaska*, the claimant argued her RFC included a limitation that she could "occasionally reach above shoulder level" whereas the job identified by the VE required "reaching" frequently under the DOT. *Id.* at 736. The Seventh Circuit concluded that "there is an unresolved potential inconsistency in the evidence that should have been resolved." *Id.* (citation omitted). "It is not clear to us whether the DOT's requirements include reaching above shoulder level, and this is exactly the sort of inconsistency the ALJ should have resolved with the expert's help." *Id.* The language of the *Prochaska* decision was quoted by the Ninth Circuit in *Massachi v. Astrue*, 486 F.3d 1149, 1153 & n.13 (9th Cir. 2007); *see also Mkhitaryan v. Astrue*, 2010 WL 1752162, at *3 (C.D. Cal. 2010) ("As defined in the [Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles], the plain meaning of 'reaching' encompasses above-the-shoulder reaching.").

With respect to Bermudez's second argument, the ALJ's RFC precluded Bermudez from "work place hazards such as dangerous machinery and unprotected heights." AR 23. In his hypothetical to the VE, the ALJ stated that "the individual should not perform work around heights, dangerous moving machinery, or similar hazards." AR 67. The VE testified Bermudez could perform

6

the jobs as a marker II, racker, and conveyor line bakery worker. *Id.* Bermudez argues that the conveyor line bakery worker position is inconsistent with an RFC that precludes exposure to dangerous machinery because the job requires "occasional exposure to possible bodily injury from moving mechanical parts of equipment, tools, or machinery." JS 8. The DOT describes this occupation as requiring occasional proximity to moving mechanical parts. *See* DOT 524.687-022. The Department of Labor describes "proximity to moving mechanical parts" as "[e]xposure to possible bodily injury from moving mechanical parts of equipment, tools, or machinery." Exh. 2 at 12-11 to JS. Again, there is an apparent inconsistency between the VE's testimony and the DOT, which was not addressed by the VE or resolved by the ALJ.

    Under these circumstances, the ALJ is required to determine whether a conflict exists and, if so, "whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the *Dictionary of Occupational Titles*." *Massachi*, 486 F.3d at 1153; *see also* SSR 00-4p, 2000 WL 1898704. An example of such an explanation would be information about a particular job's requirements as it is performed in specific settings that is not contained in the DOT. *Id.* The VE did not specifically address whether Bermudez's limitation on overhead reaching or whether his restriction from work place hazards such as dangerous machinery would preclude any of the jobs she identified. *See generally* AR 65-69. Therefore, the record does not contain any basis for the VE's deviations and this Court cannot determine whether the ALJ properly relied upon her testimony. *Massachi*, 486 F.3d at 1153 & n.19.

    The remedy under these circumstances is a remand so the ALJ may perform the appropriate inquiries. *Id.* at 1154.

///

///

IV.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and remanded for further proceedings at Step Five of the sequential analysis consistent with this opinion.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: March 21, 2011

ALICIA G. ROSENBERG
United States Magistrate Judge

8